1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERTO CISNEROS MORENO,            No.  1:17-cv-01306-JLT (HC)

12                 Petitioner,           **ORDER TO SHOW CAUSE WHY**
                                         **PETITION SHOULD NOT BE  DISMISSED**
13        v.                             **FOR FAILURE TO EXHAUST STATE**
                                         **REMEDIES**
14   SCOTT FRAUENHEIM, Warden,
                                         **[TWENTY-ONE DAY DEADLINE]**
15                 Respondent.

16

17        Petitioner filed a habeas petition on October 2, 2017, challenging his 2012 conviction in

18   Tulare County Superior Court of multiple sex offenses.  The petition appears to be unexhausted;

19   therefore, Petitioner will be ordered to show cause why it should not be dismissed without

20   prejudice.

21                                **DISCUSSION**

22   A.     Preliminary Review of Petition

23        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

24   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

25   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

26   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

27   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

28   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

                                            1

1  Cir.2001).

2  B.    Exhaustion

3      A petitioner who is in state custody and wishes to collaterally challenge his conviction by

4  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

5  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

6  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

7  U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

8      A petitioner can satisfy the exhaustion requirement by providing the highest state court

9  with a full and fair opportunity to consider each claim before presenting it to the federal court.

10  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court

11  was given a full and fair opportunity to hear a claim if the petitioner has presented the highest

12  state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney

13  v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

14      Additionally, the petitioner must have specifically told the state court that he was raising a

15  federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme

16  Court reiterated the rule as follows:

17      In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
        remedies requires that petitioners "fairly presen[t]" federal claims to the state
18      courts in order to give the State the "opportunity to pass upon and correct alleged
        violations of the prisoners' federal rights" (some internal quotation marks omitted).
19      If state courts are to be given the opportunity to correct alleged violations of
        prisoners' federal rights, they must surely be alerted to the fact that the prisoners
20      are asserting claims under the United States Constitution. If a habeas petitioner
        wishes to claim that an evidentiary ruling at a state court trial denied him the due
21      process of law guaranteed by the Fourteenth Amendment, he must say so, not only
        in federal court, but in state court.
22

23  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

24      Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
        federal claims in state court *unless he specifically indicated to that court that those*
25      *claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88
        (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held
26      that the *petitioner must make the federal basis of the claim explicit either by citing*
        *federal law or the decisions of federal courts, even if the federal basis is "self-*
27      *evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
        Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under
28      state law on the same considerations that would control resolution of the claim on

                                            2

federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner brings one claim of ineffective assistance of counsel. He states he filed an appeal in the California Court of Appeal, but that appeal challenged a restitution fine and an incorrect abstract of judgment. It appears he has not filed any other state court actions. Because it appears Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is unexhausted. <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982).

**ORDER**

Accordingly, within twenty-one days the Court **ORDERS** Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies.

IT IS SO ORDERED.

Dated:   **October 4, 2017**            **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE